The opinion of the court ■ was delivered by

Mr. Justice Johnson.

It is not pretended that the act on which this action is. -founded, has been repealed in express terms, and there is no doubt that signing the roll to be kept in the secretary’s office, was one of the requisites prescribed by the act as necessary, prior to entering on the duties of the office of magistrate. It is obvious then, that the liability of the defendant depends on the question, whether this clause of the act has or has not become inoperative. The following are amongst the received rule,? £&g the construction of statues;
*102 1st. If a subsequent statute contain provisions inconsistent with a former statute on the same subject, it operates as a repeal of the former, although it contain no negative words. ,
2nd. If absurd consequences, or those manifestly against» common reason, arise collaterally out of a statute, it is voidpro taato.
3rd'. If a statute be of dubious construction, long usage juay be called in to aid the exposition.
Before we proceed to the application of these rules, it will be necessary to take a brief review of the several statutory provisions on this subject, and of the usages under them, as far as. can now be ascertained. The constitution of 1778, provides, that all justices of the peace shall be nominated by both branches of the legislature, and commissioned by the governor, during pleasure. The act of 1778, on which this action is founded, followed immediately after, and is avowedly predicated on this provision of the constitution. By this act, all persons appointed to that office, are required to take the oath appointed by the 36th article of the constitution of 1778, and the oath of office which is prescribed; and to sign the roll. The next statutory provision on the subject, is to be found in the 7th section of the provisionary articles of the constitution of 1790, by which it is ordained, that the legislature shall, at their next session, elect justices of the peace throughout the state; that all former commissions of the peace shall then cease, and that, thereafter, all commissions of the peace shall expire at fixed periods, to be declared bylaw. The act of February 1791' followed; by which it is provided, that “ all justices of the peace shall he appointed as heretofore,- and shall continue in office four years;" 1st. Faust 50. By the act of 1799, 2nd. Faust, 259, the term of office is extended to thirty days after the session of the legislature, at or next after the expiration of the four years for which they were appointed; and the act 1800, 2nd. Faust,"360, authorises two justices, whereof one shall he of the Quorum, to administer to any person the oath or oaths of office, which is, are or may be required by law, to be taken by such person. I have not been able to ascertain, with any degree of certainty, what was the usage under the act of 1778, prior to the act of 17 91, It i& certain, however, that from 17 91 - *103 down to the present dajq commissions of the peace, as provided for in the constitution of 1778, have never been issued by the governors, and that signing the roll, kept in the secretary’s office, has never been practised, except occasionally, by magistrates appointed for Charleston and its vicinity. In respect to the state generally, it was a dead letter, .forgotten and buried, and is now brought to light, no doubt, for the purpose of gratifying the worst passions. With these facts before us, we will proceed to enquire how far the constitution and act of 1778, has been rendered inoperative by subsequent acts or statutory provisions. By this act, magistrates are required to take the oath appointed by the 36th article of the constitution of 1778. The 4th art. of the constitution of 1790, also provides an oath for all persons appointed to offices of profit or trust. By the constitution of 1778, they are to be commissioned by the governor doing pleasure. By the act of 1791, the term of office is limited to four j'ears; and from that time commissions have been disused. By the act of 1778, they are required to qualify before the governor, or before commissioners duly appointed by him. By the act of 1800, two justices, one of whom shall be of the quorum, are authorised to administer the oaths of office; so that according to the most rigid application of the first rule laid down, all that remains of the constitution and act of 1778, is that which prescribes the form of the oath of office, and that which requires those who are appointed to sign the roll. The constitution of 1790 evidently contemplated an entirely new modification of the government, without reference to, or dependance on the constitution of 1778. It professes to provide, of itself, for all matters proper for such an instrument, and the organization of the magistracy is expressly provided for; and it is worthy of consideration, whether this circumstance is not, jper se, a virtual repeal of an act, growing out of a system created by it, and expressly referring to it, although it may not be in direct opposition, or wholly repugnant to its.provisions. But supposing it to be a doubtful question; we have the usage under the'constitution of 1790 and act of 1791, down to the present time, which has dispensed with the necessity of signing the roll; and according to the third rule laid down, they operate as a virtual repeal of the act of 1778, Aqain, it is in the recollection of *104 Ml that are conversant with the history of the times, that the act of 1800, authorizing mag-strates to administer oaths of office, grew out of the inconvenience felt by those in remote parts of the state, in attending the person of the governor to qualify, and was intended to remedy this evil. Bui if the magistrates are now to be summoned from Pendleton or Horry, to enrol their names in the office of the-Secretary of State in Charleston and Columbia, as to them, this act was of little purpose. They are moreover required to do this at the time of qualification; and if they may take the oath of office before magistrates, in Pendleton and Horry, literal compliance with the act of 1778, is impossible, and falls within the second rule.
J. B. Legare and J. W, Toomer. for motion. -
-Bimotis, contra,
There is another view of this subject, which reconciles my mind fully to the conclusion, that signing the roll is unnecessary, and that so much of the act as xcquires it, has become inoperative. The avowed object in requiring it, was, that it .might be known who the magistrates were. They are appointed by resolution of the legislature, and their names all enrolled ■in their journals. Their appointments are printed with their ■acts, which are put into the hands of almost all die civil -officers’ of state, and even into those of the secretary of state, and are indeed a matter of as much notoriety as if published from the house tops in every district of the state; and to say the least of fhe act, this provision has become useless and unnecessary. It is not intended to go the length of saying that the oath of office, required by the act, is also superseded. Its use has been consecrated by an usage even more inveterate than that by which ther ether was rejected, and is, in itself, so well adapted to the occasion, that it ought to be retained.
Motion granted. —
Bay, JYott, Colcock and Gantt, Justi-r bes, concurred